# United States District Court
## EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

v.  **ORDER OF DETENTION PENDING TRANSFER**

ROBERT JAMES PELLETIER
*Defendant*

Case Number: 3:05-MJ-2047
(GUYTON)

By Separate Order the Court had directed the U.S. Marshal to transport the defendant to the Eastern District of North Carolina. See, Commitment To Another District.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on May 6, 2005, on the government's request that the defendant be kept in custody and taken by the U.S. Marshal to the Eastern District of North Carolina, pursuant to the Bench Warrant For Arrest issued by that Court, for his Show Cause Hearing, and further proceedings. I conclude that the facts require the detention of the defendant pending his transfer by the U.S. Marshal to the Eastern District of North Carolina. Specifically, the Court finds, by a preponderance of the evidence, that there is a serious risk that the defendant will not appear for the following reasons:

1. The Court has carefully considered the testimony of the following persons who testified: Kevin Anderson, Special Agent, Internal Revenue Service, for the government; Peggy Pelletier, the defendant's wife, Ed Waller, Laszlo Horvath, and the defendant, on behalf of the defendant.

2. The Court has reviewed and considered the following exhibits introduced at the hearing: No. 1, letter dated December 30, 2004, from the defendant to Dennis Duffy, Assistant United States Attorney ("AUSA"), Eastern District of North Carolina (declaring the grand jury subpoena served upon the defendant to be "a substantive and procedural nullity"); No. 2, fax cover letter and Order to show cause, setting Show Cause Hearing for February 7, 2005, sent from Kevin Anderson to Robert Pelletier; No. 3, fax cover letter and Order re-setting Show Cause Hearing to February 23, 2005, sent from Kevin Anderson to Robert Pelletier; No. 4, Notice sent by defendant to Dennis Duffey, AUSA; No. 5, photograph of property where defendant was arrested, depicting mobile camper serving as defendant's domicile; No. 6, Amended Pretrial Services Report (stating that defendant's wife "refused to verify any information concerning her husband," and the "public information databases revealed no information about the defendant") with the recommendation that the defendant be removed to the district of jurisdiction in custody.

3. The defendant knowingly and intentionally failed to appear before, or produce records to the grand jury, despite receipt of the subpoena for same.

4. The defendant then knowingly and intentionally failed to appear as ordered for a Show Cause Hearing, arising from his failure to obey the grand jury subpoena.

5. The defendant offered no evidence of employment or residency, but instead, produced evidence, through his wife, that traveling and mobility is the defendant's "lifestyle".

6. The defendant offered evidence that he does not recognize his U.S. Citizenship, the legality and authority of the federal government, the jurisdiction over him of the federal courts, and the lawfulness of the Fourteenth Amendment to the U.S. Constitution.

7. The government's investigation of the defendant is, in essence, a tax evasion case. It appears from the testimony at the hearing that the defendant does not recognize any obligation to pay taxes to the federal government, since he believes that the federal government has "surrendered its sovereignty", is illegitimate, has no authority, and he is not a U.S. Citizen. Based on that, the government's likelihood of success on the merits - both as to the Show Cause Hearing and the underlying tax evasion case - are strengthened. This clearly would not be lost on the defendant, who appears to be an intelligent person, thereby giving him incentive to flight for the purpose of avoiding prosecution.

8. Finally, defendant's statement that he can be trusted to appear voluntarily in the Eastern District of North Carolina, while accepted at face value, must be discounted by the Court due to the foregoing findings. Given the mobility provided by his trailer home, his lifestyle of travel, and his demonstrated contempt for the federal government, there are no conditions or combinations of conditions which would ensure the defendant's appearance at further proceedings in the Eastern District of North Carolina.

Accordingly, the defendant is committed to the custody of the U.S. Marshal for transfer pursuant to this Court's Order of Commitment to Another District.

IT IS SO ORDERED.

ENTER:

/s/ H. Bruce Guyton

*Signature of Judicial Officer*
H. Bruce Guyton, United States Magistrate Judge

Dated: May 6, 2005